**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENTON L. BEE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-CV-200-JHP-PJC** |
| | ) | |
| **WHIRLPOOL CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**DEFENDANT WHIRLPOOL CORPORATION'S MOTION TO DISMISS**</u>

Defendant, Whirlpool Corporation ("Whirlpool"), respectfully moves this Court, pursuant to Fed.R.Civ.P. 12(b)(6) for an Order dismissing Plaintiff's case with prejudice as time-barred, or in the alternative, for failure to state a claim upon which relief can be granted.  In Support of this Motion, Whirlpool submits the following brief:

**I.      FACTS**

1.      On October 5, 2012, Plaintiff, a pro se litigant, filed a Complaint against Whirlpool in the United States District Court for the Northern District of Oklahoma, Case No. 12-CV-558-JHP-TLW.   [Docket No. 1, Case No. 12-CV-558-JHP-TLW] Whirlpool filed a Motion to Dismiss pursuant to Rule 12(b)(6), or in the Alternative, Motion for a More Definite Statement on December 17, 2012.   [Docket Nos. 8 and 9, Case No. 12-CV-558-JHP-TLW] Whirlpool asserted that Plaintiff's Complaint failed to include any specific facts and that it was unclear what claims for relief Plaintiff asserted against Whirlpool.

2.      This Court entered a Minute Order on December 27, 2012 directing Plaintiff to file a Response to Whirlpool's Motion on or before January 11, 2013, or risk dismissal.  [Dkt. No. 13, Case No. 12-CV-558-JHP-TLW]

3.      Plaintiff did not file a Response to Whirlpool's Motion.  Therefore, on February

8, 2013, the Court granted Defendant's Motion to Dismiss [Dkt. No. 8] and dismissed without prejudice Plaintiff's Complaint, deeming Defendant's motion confessed due to Plaintiff's failure to respond. [Dkt. No. 18, Case No. 12-CV-558-JHP-TLW]

4.     Following the dismissal of Case No. 12-CV-558-JHP-TLW, Plaintiff, on February 14, 2013, initiated another case by filing a virtually identical Complaint, Case No. 13-CV-97-JHP-TLW.  Plaintiff did not serve his Complaint on Defendant.  On March 27, 2013, this Court entered a Minute Order dismissing without prejudice Plaintiff's Complaint for failing to state a claim for relief because Plaintiff's Complaint appeared to be a refiling of Case No. 12-CV-558-JHP-TLW.  [Dkt. No. 4, Case No. 13-CV-97-JHP-TLW]

5.     Thereafter, on April 5, 2013, Plaintiff initiated a third case by filing the Complaint in the present case, Case No. 13-CV-200-JHP-PJC.  Plaintiff served his Complaint on Whirlpool on July 15, 2013.[1]  Like Plaintiff's October 5, 2012 and February 14, 2013 Complaints, the instant Complaint fails to include a description of the nature of the case, a statement of the cause of action, or *any* supporting facts. [Dkt. No. 1, Case No. 13-CV-200-JHP-PJC]  Furthermore, Plaintiff's Complaint describes his claim(s) as the following: "Title VII EPA Back due From Oct 09 to Oct 2012 Race, Disability, Pain Suffering." [Dkt. No. 1, Plaintiff's Complaint]  Plaintiff included as an attachment to his Complaint, his Right to Sue Letter issued on September 5, 2012. [Dkt. No. 1, See Right to Sue Letter attached to Plaintiff's Complaint, Case No. 13-CV-200-JHP-PJC]

As Defendant will demonstrate in this brief, Plaintiff's Complaint in this case should be dismissed with prejudice because it was filed after ninety days from Plaintiff's receipt of his

---

[1]     Plaintiff's Complaint was served on Whirlpool's counsel who is not the registered service agent for Whirlpool.  Nonetheless, after the Complaint was served on counsel, Whirlpool authorized counsel to accept service on behalf of Whirlpool.

September 5, 2012 Right to Sue Letter from the EEOC.  Alternatively, Plaintiff's Complaint should be dismissed because Plaintiff continues to fail to state a claim upon which relief can be granted.

## II.    ARGUMENTS AND AUTHORITIES

### A.    The Court Should Dismiss Plaintiff's Complaint Because Plaintiff's Complaint Was Filed Ninety Days After Receipt of His Right To Sue Letter.

Plaintiff's Complaint appears to assert claims for race and disability discrimination pursuant to Title VII and the ADA.  Both Title VII and the ADA require a plaintiff to file an action within ninety days of the issuance of a right to sue letter.  *See* 42 U.S.C. § 2000e-5(f)(1) (providing filing deadlines for Title VII claims); 42 U.S.C. § 12117(a) (specifically adopting Title VII filing deadlines for ADA claims); *see also Hall v. United Parcel Service, Inc.,* 101 Fed.Appx. 764 (10th Cir. 1004) (recognizing that a plaintiff must initiate Title VII or ADA litigation within ninety days from the date he receives a right to sue letter).  "These timing requirements are a prerequisite to a civil suit."  *See Croy v. Cobe Labs, Inc.,* 345 F.3d 1199, 1202 (10th Cir. 2003).  It is undisputed in this case that the EEOC sent Plaintiff his Right to Sue Letter on September 5, 2012.  Plaintiff's April 5, 2013 Complaint was clearly filed well over the ninety day time period and is time-barred.  Therefore, this Court should dismiss Plaintiff's case with prejudice.  *See Scott v. Boeing Company*, 48 Fed.Appx. 730 (10th Cir. 2002) (dismissing with prejudice the plaintiff's complaint because it was filed outside the ninety day time period after receipt of EEOC Right to Sue Letter).

Furthermore, the Court's Orders dismissing Plaintiff's prior October 5, 2012 and February 14, 2013 Complaints without prejudice does not extend the ninety day limitation period.  Rather, a dismissal without prejudice leaves the parties as though the action had never been brought.  *See Scott v. Boeing Company*, 48 Fed.Appx. 730 (10th Cir. 2002) (dismissing as

untimely the plaintiff's complaint alleging disability discrimination because the complaint was filed after the ninety day period and after the plaintiff's previous two complaints were dismissed without prejudice by the court for failure to serve the defendant); *see also Hall v. United Parcel Service*, 101 Fed.Appx. 764 (10th Cir. 2004) (dismissing as untimely the plaintiff's complaint alleging disability discrimination because the complaint was filed after the ninety day period and after the plaintiff dismissed his previously timely filed complaint).   Accordingly, Plaintiff's Complaint filed on April 5, 2013 is untimely, and this Court should dismiss Plaintiff's case with prejudice.

**B.     Alternatively, the Court Should Dismiss Plaintiff's Complaint for Failure to Assert Any Factual Allegations to Support His Claims.**

To withstand a Motion to Dismiss pursuant to Rule 12(b)(6),  "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Oklahoma,* 510 F.3d 1196, 1200 (10th Cir. 2007)  ("The complaint must plead sufficient facts, taken as true, to provide plausible grounds that discovery will reveal evidence to support the plaintiff's allegations.") "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1949 (2009). "The court's function on a Rule 12(b)(6) motion… is to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Sutton v. Utah State Sch. for the Deaf and Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

Plaintiff has failed to correct any of the deficiencies that were present in his October 5, 2012 and February 14, 2013 Complaints previously dismissed by this Court.  Specifically, like

4

Plaintiff's previous Complaints, the Complaint in the present case is completely devoid of any factual allegations. Plaintiff's Complaint consists of the names of the parties, his request for relief, and various attached documents, some of which are illegible. Plaintiff does not set forth *any* specific facts in his Complaint. Indeed, Plaintiff left blank the portions of the Complaint asking for Plaintiff to explain the jurisdictional basis of the case, nature of the case, the cause of action, and the supporting facts. [Docket No. 1] The *only* portion of the Complaint completed by Plaintiff was the "Request for Relief" section. Further, the documents attached to Plaintiff's Complaint do not help to clarify the facts that support Plaintiff's claims. Defendant cannot ascertain what, if anything, from the contents of these documents Plaintiff is asserting support a factual basis for his claims and require an Answer from Defendant.

Accordingly, if the Court does not dismiss with prejudice Plaintiff's Complaint as time-barred, Defendant alternatively requests that the Court dismiss Plaintiff's case because Plaintiff's Complaint – filed for the third time – continues to be conclusory in nature and devoid of the necessary factual allegations to set forth any "plausible claim for relief". *See Michael v. Security Alliance of Florida, LLC,* 2011 WL 3878354 (S.D.Fla. 2011) (dismissing the plaintiff's complaint where the defendant and the court would be required to ascertain from documents attached to the complaint the elements of the plaintiff's claim of discrimination, what facts are relevant to that claim, and whether such facts are sufficient to state a cause of action); *Cox v. TransUnion Inc.,* 2003 WL 22245323 (D.Kan. 2003) (holding that when a complaint fails to plead all elements of the cause of action and fails to plead any facts supporting the elements of the cause of action, and states claims in a vague or ambiguous manner, the court may dismiss the complaint); *Williamson v. Owners Resort and Exchange,* 90 Fed.Appx. 342 (10th Cir. 2004)

(holding that a pro se litigant must provide a "short and plain" statement of the claims sufficient to give the defendant reasonable and fair notice).

### III.   CONCLUSION

Wherefore, Whirlpool respectfully moves the Court to dismiss Plaintiff's case with prejudice.

Respectfully submitted,

s/Kimberly Lambert Love
Kimberly Lambert Love, OBA #10879
Robyn M. Funk, OBA #19810
Titus Hillis Reynolds Love
  Dickman & McCalmon
15 East 5th Street, Suite 3700
Tulsa, Oklahoma 74103
Telephone:  (918) 587-6800
Facsimile:  (918) 587-6822
Email:  klove@titushillis.com
          rfunk@titushillis.com

*Attorney for Defendant,*
*Whirlpool Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of August 2013, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and a true and correct copy was mailed, postage prepaid to the following:

Kenton L. Bee
529 E. Oklahoma Street
Tulsa, OK 74106-4832

s/Kimberly Lambert Love