IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENTON L. BEE,                                )    |   |
|     Plaintiff,                     ) | |
|                                             ) | |
| v.                                                 )  | Case No. 13-CV-200-JHP-PJC |
|                                             ) | |
| WHIRLPOOL CORPORATION,     ) | |
|     Defendant.                    ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant Whirlpool Corporation's ("Whirlpool") Motion to Dismiss for Failure to State a Claim, [Doc. No. 9]. Whirlpool moves to dismiss Plaintiff's Complaint because he failed to file his Complaint within 90 days after the EEOC issued its right-to-sue notice. Under 42 U.S.C. § 2000e–5(f)(1), any Title VII lawsuit premised on an EEOC charge must be filed within 90 days of receipt of the EEOC right-to-sue notice. Plaintiff did not do so. Accordingly, the Court grants the Motion and dismisses the Complaint.

This case is the third action brought by Plaintiff, a *pro se* litigant, against Whirlpool regarding Plaintiff's employment and discharge from Whirlpool. Plaintiff's first two cases were dismissed without prejudice on February 8, 2013, and March 27, 2013, for failure to comply with the pleading standards set out in Fed. R. Civ. P. 8(a). *See Bee v. Whirlpool*, Case No. 12-CV-0558-JHP-TLW, Doc. No. 18; *Bee v. Whirlpool*, Case No. 13-CV-0097, Doc. No. 4. Plaintiff initiated this case by filing a complaint with this Court on April 5, 2013. [Doc. No. 1]. In his Complaint, Plaintiff appears to assert claims for race and disability discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, as amended, and the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111-12117. Plaintiff included as an attachment to his Complaint his Right to Sue Letter issued by the EEOC on

September 5, 2012. [*Id.* at 3]. On August 5, 2013, Whirlpool filed a Motion to Dismiss, asserting that Plaintiff's claims should be dismissed for failure to commence this action within 90 days of after Plaintiff's receipt of his Right to Sue Letter. [Doc. No. 9, 3].

"A plaintiff must initiate litigation on an ADA [or Title VII] claim within ninety days from the date he receives a "right to sue" letter from the EEOC. *Hall v. United Parcel Serv., Inc.*, 101 F. App'x 764, 765 (10th Cir. 2004) (unpublished) (citing 42 U.S.C. § 2000e-5(f)(1) (providing filing deadlines for Title VII claims); 42 U.S.C. § 12117(a) (specifically adopting Title VII filing deadlines for ADA claims)). Indeed, "[t]hese timing requirements are prerequisites to a civil suit." *Croy v. Cobe Labs., Inc.*, 345 F.3d 1199, 1202 (10th Cir. 2003). The Tenth Circuit presumes that a plaintiff received the notice within three to five days of the mailing date. *Lozano v. Ashcroft,* 258 F.3d 1160, 1165 (10th Cir. 2005).

"In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the 90-day limitations period." *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) (citing *Minnette v. Time Warner,* 997 F.2d 1023, 1027 (2d Cir. 1993); *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (per curiam)). "In such cases, dismissal of the original suit, even though labeled as without prejudice, nevertheless may sound the death knell for the plaintiff's underlying cause of action if the sheer passage of time precludes the prosecution of a new action." *Id.* (citing *Chico-Velez v. Roche Prods., Inc.*, 139 F.3d 56, 59 (1st Cir. 1998)).

Here, Plaintiff received his right to sue letter on September 5, 2012, but failed to commence this action until April 5, 2013, which was more than 90 days after receipt of his Right to Sue Letter. Accordingly, Whirlpool's Motion to Dismiss, [Doc. No. 9], is **GRANTED**.

James H. Payne
United States District Judge
Northern District of Oklahoma

2